United States District Court
Eastern District of Michigan

Alberto Manuel Nunez,

    Petitioner,   Case No. 25-cv-12596

    -vs-

    Honorable Matthew F. Leitman

Eric Rardin, Warden,

    Respondent.
_____/

# Response to Petition for Writ of Habeas Corpus

The Court should deny Alberto Manuel Nunez's petition for habeas corpus because he failed to exhaust administrative remedies and because BOP correctly determined his eligibility for applied credits under the First Step Act.

    Respectfully submitted,

    Jerome F. Gorgon Jr.
    United States Attorney

    s/ Benjamin C. Coats
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-9734
Dated: October 24, 2025    Benjamin.Coats@usdoj.gov

United States District Court
Eastern District of Michigan

Alberto Manuel Nunez,

    Petitioner,

-vs-

Eric Rardin, Warden,

    Respondent.

_____/

Case No. 25-cv-12596

Honorable Matthew F. Leitman

# Brief in Support of Response to Petition for Writ of Habeas Corpus

## Background

Alberto Manuel Nunez possessed cocaine with intent to distribute it while on state probation for another drug distribution crime. *United States v. Alberto Manuel Nunez*, No. 19-cr-20433, ECF No. 17, Plea Agreement, 46–48 (E.D. Mich. Oct. 3, 2019). Having served 23 years in prison for a 1995 murder conviction, he was a career offender at his federal sentencing, facing a guideline range of 151–181 months. *Id.*, Doc. 30, Sentencing Tr., 125–26, 130 (E.D. Mich. Apr. 23, 2020). The court sentenced him to 151 months, to be served concurrently with the state sentence resulting from the probation violation. *Id.* at 132.

Nunez now petitions for habeas corpus relief. (Petition, ECF No. 4-1, PageID.12–17). He complains that BOP has calculated his release date incorrectly and his conditional release date "should be no later than May 12, 2023." *Id.* at 12. He claims that he exhausted administrative remedies because he submitted a BP-9 form to the warden, who denied relief. *Id.*

## Argument

I. **The petition should be dismissed because Nunez failed to exhaust administrative remedies.**

Prisoners must exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Nunez claims he satisfied this requirement because he completed the BP-9 form. But that is merely the first step in the formal remedy process. *See* 28 C.F.R. § 542.10, et seq. His BOP case manager confirms that Nunez has submitted only a single remedy, at the institutional level. (Ex. 1 – Burnett Decl., ¶ 15). Appeals to the regional and central offices are available to Nunez, and he has not pursued those. *Id.* at ¶¶ 12–15.

The record does not support a finding that Nunez made a sufficient "affirmative effort" to exhaust administrative remedies. *See*

3

*Cargill v. Healy*, No. 23-cv-1755, 2024 WL 1683600, at *3 (N.D. Ohio Mar. 1, 2024). Accordingly, his petition should be dismissed.

## II. Nunez's sentence is correctly calculated.

Nunez's sentence calculation begins on January 16, 2020. (Ex. 1 – Burnett Decl., Attachment 2). His full term of 151 months would expire in June 2032. *Id.* 584 days of good-conduct time brings that down to October 2030. *Id.* Nunez completed the Residential Drug Treatment Program, reducing his sentence by another year. *Id.* at ¶ 11. Finally, he earned 365 days of First Step Act time credits (FTCs), resulting in a projected release date of October 29, 2028. *Id.*

A sentence cannot be reduced by more than 365 days through application of FTCs. 18 U.S.C. § 3624(g)(3); 28 CFR § 523.44(d). So Nunez's proposed calculation, reducing his sentence by 2,613 days, is incorrect.

What about the Second Chance Act? The SCA requires BOP, "to the extent practicable," to provide "a reasonable opportunity to adjust to and prepare for the reentry of [a] prisoner into the community," such as a halfway house, for up to a year of his custodial sentence. 18 U.S.C. § 3624(c)(1). Under § 3624(c)(6), community placement decisions must be

4

individualized and consistent with the factors set forth in § 3621(b). But the statute "does not automatically mandate, entitle, or guarantee any prisoner such placement for twelve months." *Caniff v. Healy*, No. 25-cv-693, 2025 WL 1869685, at *1 (N.D. Ohio June 26, 2025) (internal quotation marks omitted); *Hicks v. Warden*, No. 16-cv-2476, 2017 WL 4269407, at *2 (M.D. Pa. Sept. 26, 2017) ("The Second Chance Act does guarantee that every BOP inmate will be placed in a RRC or if placed, receive any specific length of time under § 3621(b) or § 3624(c)."). "Clearly, Congress vested the BOP with discretion as to the actual length of prerelease placement in a community corrections center." *United States v. Salazar*, No. 14-cr-10037, 2018 WL 4204449, at *2 (D.S.D. Sept. 4, 2018).

That broad discretion limits judicial review. So long as BOP has conducted an individualized review consistent with the statutory factors in § 3621(b), a district court does not have jurisdiction to review BOP's determination about when a prisoner should be placed at a halfway house under the Second Chance Act. *Kanu v. Hendrix*, No. 21-cv-00800, 2021 WL 6551131, at *2 (D. Or. Dec. 6, 2021); *see also Jiminez v. Warden*, No. 24-cv-01682, 2025 WL 1233199, at *4 (D. Conn. Apr. 29,

5

2025); *Kornegay v. Brown*, No. 24-cv-199, 2025 WL 415735, at *4 (N.D.W. Va. Feb. 6, 2025); *West v. Warden*, No. 23-cv-149, 2023 WL 5748427, at *1 (M.D. Fla. Aug. 31, 2023); *United States v. Browder*, No. 13-cr-20917, 2022 WL 2898632, at *3 (E.D. Mich. July 21, 2022).

Here, the record reflects that the BOP considered the statutory factors, so Nunez's placement date is not subject to judicial review. In any event, his FSA time credit assessment currently contemplates a conditional community placement date of March 9, 2027. (Ex. 1 – Burnett Decl., Attachment 3).

## Conclusion

The petition for a writ of habeas corpus should be denied.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Benjamin C. Coats
Benjamin C. Coats
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9734
Benjamin.Coats@usdoj.gov

Dated: October 24, 2025

## Certificate of Service

I certify that on October 24, 2025, that I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system and that an employee of the U.S. Attorney's Office mailed a copy via the United States Postal Service to the following non-ECF participant:

>Alberto Manuel Nunez, Reg. #57628-039
>Milan FCI
>P.O. Box 1000
>Milan, MI 48160

>/s/ Benjamin C. Coats
>Assistant United States Attorney