UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO MANUEL NUNEZ,

       Petitioner,

       Case No. 2:25-cv-12596
       Hon. Matthew F. Leitman

v.

ERIC RARDIN,

       Respondent.

_____

**OPINION AND ORDER DISMISSING
<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

This is a pro se habeas case filed under 28 U.S.C. § 2241. Alberto Manuel Nunez is a federal inmate currently confined at the Federal Correctional Institution in Milan, Michigan. Nunez challenges the calculation of his sentencing credits and release date by the Federal Bureau of Prisons under the First Step Act and the Second Chance Act. (Petition, ECF No. 1.)

**I.**

Nunez is serving a 151-month sentence at FCI Milan for his conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(l). *See United States v. Nunez*, No. 19-cr-20433, Judgment, ECF No. 24 (E.D. Mich. Jan. 16, 2020). Nunez asserts that the BOP has calculated his sentencing credits to call for his conditional release to prerelease custody on February 17, 2026. (ECF No. 1,

1

PageID.1.) Without explaining the basis for his own more favorable calculation, Nunez asserts that if his credits were "applied correctly" his conditional release date to prerelease custody should be "no later than May 12, 2023." (*Id.*) Nunez claims that he exhausted his administrative remedies by submitting a BP-8 and BP-9 form, and that the Warden denied his request for review on July 29, 2025. (*Id.*)

Respondent filed a responsive pleading to the petition asserting that Nunez failed to fully exhaust his administrative remedies with the BOP prior to filing the petition, and that his claim is otherwise without merit. (Response, ECF No. 6.)

**II.**

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *see also Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 779-80 (E.D. Mich. 2008).

Before filing a habeas petition, however, a prisoner must exhaust his available administrative remedies. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The exhaustion requirement obligates federal prisoners to seek administrative review within the BOP regarding the computation of their sentences before seeking habeas review. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The requirement "protects 'administrative agency authority,'" promotes judicial efficiency, and "may

2

produce a useful record" for judicial review. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

The BOP provides federal prisoners with a multi-tiered administrative review process. If a matter cannot be resolved informally, a prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is unsatisfied with the Warden's response, he may then file a BP-10 Form with the Regional Director. *See* 28 C.F.R. 542.15, 542.18. Finally, if the prisoner is unsatisfied with the Regional Director's response, he may file a BP-11 Form with BOP General Counsel. *See* 28 C.F.R. §§ 542.15, 542.18.

Nunez indicates in his petition that he followed only the first step of the administrative review process, and BOP records confirm that allegation. On July 17, 2025, Nunez submitted the first-level request for administrative review with the Warden. (Affidavit of M. Burnetta, ECF No. 6-2, PageID.34; Request of Adm. Remedy, ECF No. 6-6, PageID.49.) On July 29, 2025, the Warden denied the request for review. (Response, ECF No. 6-6, PageID.48.) The Warden indicated that Nunez's prerelease custody placement date had been calculated based on 365 days of Second Chance Act credits and 600 days of Federal Time Credits. (*Id.*) The Warden also informed Nunez that if he was not satisfied with the response, he could submit an appeal with the Regional Director. (*Id.*) But Nunez did not seek further

administrative review. (Adm. Remedy Update, *Id.* PageID.46.) Therefore, Nunez did not exhaust his administrative remedies before filing his petition.

Nunez has neither argued nor shown that it would be futile for him to attempt to exhaust his administrative remedies, the only recognized exception to the exhaustion requirement. *See, e.g., Palm v. Rardin*, No. 1:24-CV-12651, 2025 U.S. Dist. LEXIS 82211, 2025 WL 1364376, at *2 (E.D. Mich. Apr. 30, 2025). While the time for seeking review of the Warden's July 29, 2025, decision has expired, that fact does not excuse Nunez's failure to exhaust his administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations.") (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), cert. denied, 522 U.S. 906 (1997)).

Accordingly, the petition will be dismissed without prejudice for Nunez's failure to exhaust administrative remedies.

### III.

The Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Lastly, a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355

4

F.3d 501, 504 (6th Cir. 2004). Accordingly, Nunez need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 25, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126